**In re the Marriage of Thomas L. HARRIS and Nancy I. Harris.**

**Upon the Petition of Thomas L. Harris, Appellee,**

**And Concerning Nancy I. Harris, Appellant.**

**No. 94–750.**

Court of Appeals of Iowa.

Feb. 28, 1995.

Arthur L. Buzzell, Davenport, for appellant.

Maria Mihalakis Waterman, of Lane & Waterman, Davenport, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HUITINK, JJ.

HAYDEN, Presiding Judge.

Thomas and Nancy Harris were married in 1981. They had two children together: Ka-

tie, born June 29, 1983, and Brian, born August 23, 1985. Nancy had a daughter from a previous marriage, Tara, born June 17, 1977. Thomas adopted Tara when she was seven.

Thomas filed a petition for dissolution of marriage on December 26, 1991. Thomas was thirty-nine years old at the time of the dissolution trial, and Nancy was thirty-five. Both parties worked full-time at the Rock Island Arsenal.

The parties essentially stipulated Nancy should receive primary physical care of Tara. The fighting issue at trial was which parent should be awarded primary care of Katie and Brian.

After trial, the trial court entered its findings of fact, conclusions of law, and order. The court found both Thomas and Nancy were devoted parents and capable of providing for the children's needs. The court agreed Nancy should receive custody of Tara. The court found the report and testimony of Dr. David McEchron to be persuasive. Dr. McEchron recommended Thomas be granted primary physical care of Katie and Brian. Dr. McEchron indicated Nancy failed to adequately recognize and address Tara's behavioral problems. McEchron believed Tara could exercise improper influence on Katie and Brian if left in Nancy's care. The court also found Thomas's testimony to be more "reasonable" and candid.

The court awarded primary physical care of Katie and Brian to Thomas and ordered Nancy to pay child support. The court entered its decree on March 11, 1993. The court denied the parties' Iowa Rule of Civil Procedure 179(b) motions on June 28, 1993.

Nancy appeals. Nancy contends the trial court erred in splitting primary physical care of the children.

## I. *Scope of Review.*

■ Our review in this matter is de novo. Iowa R.App.P. 4. In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3), in *In re Marriage of Weidner,* 338

N.W.2d 351, 355–56 (Iowa 1983), and in *In re Marriage of Winter,* 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear on the "first and governing consideration"—the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban,* 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App.1985).

## II. *Split Custody.*

■ Split custody of children is warranted if good and compelling reasons exist for dividing custody. *In re Marriage of Winter,* 223 N.W.2d 165, 168 (Iowa 1974) (citations omitted); *In re Marriage of Blume,* 473 N.W.2d 629, 631 (Iowa App.1991). Specifically, separation of children is justified when it is found to better promote their long-range best interests. *In re Marriage of Jones,* 309 N.W.2d 457, 461 (Iowa 1981).

■ In this case, good and compelling reasons exist to split custody of the Harris children. The evidence shows Nancy administered the primary care of Tara over the last several years. In fact, Nancy became so close with Tara during this period she was unable to recognize Tara's serious behavioral problems. Further, Nancy seemed powerless to discipline Tara. Additionally, Nancy interfered with Thomas's attempts to discipline Tara and encouraged Tara's alienation from Thomas. As a result, Thomas's relationship with Tara became irreparable, making the custodial placement of Tara with Thomas impossible.

In contrast, Thomas has a strong relationship with Katie and Brian. The evidence shows Thomas to be a good parent, and especially adept at setting boundaries and appropriately disciplining the children. Thomas provided a great deal, and perhaps a majority, of the primary care for Katie and Brian. By nearly everyone's account, Thom-

as enjoyed a close relationship with Katie and Brian.

■ Nancy claims Katie and Brian clearly expressed a strong preference to be placed with her. We find there is conflicting evidence on this point. Even if Nancy is correct and the children do desire to be placed with her, this is only a single factor to be considered. *See* Iowa Code § 598.41(3) (1993). Deciding custody is far more complicated than asking children with which parent they want to live. *In re Marriage of Ellerbroek*, 377 N.W.2d 257, 258 (Iowa App.1985).

Based on the evidence, the trial court concluded Thomas was best able to minister to the long-term best interests of Katie and Brian. The trial court expressed concern over Nancy's failure to recognize serious problems with Tara, her failure to discipline Tara, and her interference with Tara and Thomas's relationship. The trial court noted Thomas was more likely to provide a wholesome environment conducive to the emotional, social, moral, and educational needs of the children. The trial court correctly determined a split custody award in this case was the least detrimental alternative available for Katie and Brian. *See Winter*, 223 N.W.2d at 168 (divided custody justified when any advantage to be gained by placing children in custody of one parent outweighed by disadvantage to children).

We affirm. Costs on appeal are to be split between the parties.

**AFFIRMED.**